UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOSE RIVERA GARCIA, (#08744-003),

     Petitioner,

v.                                          No. 2:16cv167

ERIC D. WILSON, Warden,

     Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jose Rivera Garcia ("Garcia") seeks a writ of habeas corpus under 28 U.S.C. § 2241 alleging error in the calculation of his federal sentence. Specifically, Garcia seeks credit for time spent in state custody prior to commencement of his federal sentence and good time credit he claims was denied following a sentence reduction. The Respondent moved to dismiss Garcia's petition, or in the alternative for summary judgment, and the matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). Because the Federal Bureau of Prisons ("BOP") properly calculated Garcia's sentence, the undersigned recommends that the Respondent's Motion for Summary Judgment be granted, and the petition be dismissed.

1

## I.   RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Prior to his federal conviction, on June 11, 2010, Garcia[1] was arrested in Mobile County, Alabama and charged with cocaine distribution.  Colston Dec., ¶ 6 (ECF No. 10-1, at 2).  Garcia was later indicted on federal charges.  His state charges were eventually dismissed and he was released to federal custody on September 30, 2010.  Id. ¶ 8 (ECF No. 10-1, at 2-3).

Garcia was eventually convicted in federal court and sentenced to 80 months for conspiracy, and possession with intent to distribute cocaine; and 33 months for violating a previously imposed term of supervised release.  Colston Dec., ¶¶ 9-10, Attachs. 4 & 5 (ECF No. 10-1, at 3, 19-27).  Following his conviction, the district court ordered that his 33-month sentence run consecutive to the 80-month sentence.

The BOP aggregated the consecutive terms and Garcia's 113-month federal sentence began on December 21, 2011, the date he was sentenced by the federal court in Alabama.  Garcia also received credit for 559 days of prior custody, which included the period from his original arrest on state charges on June 11, 2010, through the date prior to his federal sentence beginning on December 21, 2011.  Colston Dec., ¶ 11 (ECF No. 10-1 at 3-4).

---

[1] As alleged in the petition, Garcia is also known as Bladimir R. Arboleda, and some of the sentencing documents refer to him by this alias.

On January 21, 2015, Garcia's 80-month sentence on the drug conviction was reduced to 65-months under 18 U.S.C. § 3582(c)(2). Id. at ¶ 12 (ECF No. 10-2, at 4). As a result, his aggregated sentence was reduced to 98 months, with the same commencement date. Garcia still received credit for his entire term of pre-sentence confinement. Id. at ¶ 13 (ECF No. 10-1, at 4). Because Garcia's total sentence was reduced, the number of days of expected good time credit he would earn was also reduced. It appears this reduction prompted his present petition under § 2241. The Respondent agrees that Garcia has exhausted his administrative remedies. Id. at ¶ 17 (ECF No. 10-1, at 5).

The Respondent moved for summary judgment, arguing that Garcia's sentence was properly calculated, and that his projection of earned good time credit accurately reflects the time he is expected to serve on his reduced sentence, not the credit which could have been earned under the original sentence. As required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Garcia was advised of his right to respond to the motion, as well as the consequences of failing to respond (ECF No. 9). Garcia did not respond and the time to do so has now expired.

## II.  <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 56 requires the Court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-24 (1986). "A material fact is one 'that might affect the outcome of the suit under the governing law.' A disputed fact presents a genuine issue 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party." <u>Spriggs v. Diamond Auto Glass</u>, 242 F.3d 179, 183 (4th Cir. 2001) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)).

The party seeking summary judgment has the initial burden of informing the Court of the basis of its motion and identifying materials in the record it believes demonstrates the absence of a genuine dispute of material fact. Fed. R. Civ. P. 56(c); <u>Celotex Corp.</u>, 477 U.S. at 322-25. When the moving party has met its burden to show that the evidence is insufficient to support the nonmoving party's case, the burden shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986).

4

In considering a motion for summary judgment, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); see Anderson, 477 U.S. at 255. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

### III. ANALYSIS

Under 18 U.S.C. § 3585(a), a federal sentence begins when the defendant "is received in custody . . . at the official detention facility at which the sentence is to be served." In addition, the sentence may not commence before the date on which it was imposed by the sentencing court. United States v. McClean, 867 F.2d 609 (Table) 1989 WL 5457 at *1 (4th Cir. Jan. 13, 1989); Papadapoulos v. Johns, No. 5:09 HC 2009, 2011 WL 1104136, at *5 (E.D.N.C., Mar. 22, 2011).

To determine when Garcia was received in federal custody, courts consider when the federal government obtained "primary jurisdiction" over him. United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998). In this case, the federal courts obtained primary jurisdiction over Garcia when he was transferred to federal custody after his state charges were dismissed.

However, his federal sentence did not begin to run until it was imposed on December 22, 2011.

Nevertheless, the BOP, while calculating that Garcia began his sentence on December 22, 2011, also awarded him credit against his federal sentence for all of the time he spent awaiting trial, from June 11, 2010 (date of his arrest on state charges) to December 21, 2011 (date immediately preceding commencement of the federal sentence). Colston Dec., ¶ 11, Attach. 7 (ECF No. 10-1 at 4, 42). This calculation is consistent with 18 U.S.C. § 3585(b) which provides:

> Credit for prior custody – a defendant shall be given credit towards the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences.
>
>   1.  As a result of the offense for which the sentence was imposed; or
>
>   2.  As a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed: that has not been credited against another sentence.

Because Garcia's state charges were dismissed, the time he spent in pretrial custody awaiting trial and sentencing on the federal charges was not credited against any other sentence, and BOP awarded the entire 559 days of prior custody credit against his aggregated federal sentence. Indeed, it is not clear how Garcia believes BOP has erred in the calculation of his prior custody credit. His petition requests that BOP "be directed to

6

apply (18) months jail credit," which is exactly how his sentence is presently calculated. Accordingly, there is no dispute of material fact regarding the BOP's calculation of Garcia's prior custody credit, and the Respondent should be entitled to summary judgment on that claim.

Garcia also vaguely complains that his good time credit might not be properly calculated, but the Respondent's motion for summary judgment and supporting attachments establish that the BOP has followed its policies and federal law in awarding Garcia good time credit, and predicting the credit expected to be earned in the future.

The calculation of good time credit is governed by 18 U.S.C. § 3624(b); which provides that "a prisoner may receive credit towards a service of the prisoner's sentence beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment . . . subject to determination by the Bureau of Prisons that, during that year the prisoner has displayed exemplary compliance with institutional disciplinary regulations."

Prior to his sentence reduction, Garcia's good time credit was calculated based on the then-expected time he would spend in custody. After his reduction, the expected good time credit he would earn was reduced on the basis of his overall sentence reduction. To the extent Garcia is claiming entitlement to the

7

originally estimated good time credit, his argument has been expressly rejected by the Supreme Court. Barber v. Thomas, 560 U.S. 474, 480 (2010). As set forth in the Respondent's exhibits, Garcia's projected release date properly accounts for his earned good time credit as well as the potential of additional credit to be earned in the remainder of his sentence. While the projected total number of days (384) is fewer than the projection before his sentence reduction (442 days), his 15-month sentence reduction already resulted in him serving significantly less time. As a result, he will be unable to earn good time credit for time he does not spend in custody. Colston Dec., ¶ 15, Attach. 9 (ECF No. 10-1, at 5, 44). Again, Garcia has not produced any evidence to contradict the BOP's calculation, which is entirely consistent with federal law and Supreme Court precedent.

Finally, Garcia complains generally that BOP "failed to apply the 15-month reduction from Amendment 782." Petition (ECF No. 1, at 3). But as set forth above, both the Respondent's evidence and Garcia's revised release date establish – without dispute – that Garcia's sentence was reduced by 15 months as a result of the Amendment by Order entered January 21, 2015. Colston Dec., ¶ 12, Attach. 8 (ECF No. 10-1, at 4, 43). His new projected release date of June 13, 2017 plainly reflects this reduction. Id. at Attach. 9 (ECF No. 10-1, at 44).

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that Respondent's Motion for Summary Judgment (ECF No. 9) be GRANTED; and that Garcia's petition under 28 U.S.C. § 2241 be DENIED and the claims DISMISSED with prejudice.

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendation within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of the right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v.

_Hutto_, 737 F.2d 433 (4th Cir. 1984); _United States v. Schronce_,

727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

November 28, 2016

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

**Jose Rivera Garcia**
08744-003
Federal Correctional Complex - Low
P.O. Box 1000
Petersburg, VA 23804

and an electronic copy was provided to:

**Joel Eric Wilson**
United States Attorney Office - Norfolk (NA)
101 W Main St
Suite 8000
Norfolk, VA 23510

Fernando Galindo, Clerk

By_____
Deputy Clerk

November 28, 2016

11